IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BARBARA HAZEL REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-03097 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the Administrative Law Judge (ALJ)'s Decision denying Plaintiff Barbara Reid's application for social security income and disability insurance benefits. Before the Court are the Plaintiff's Motion for Summary Judgment (Doc. 14) and the Defendant's Motion for Summary Affirmance (Doc. 18). For the reasons that follow, the ALJ's Decision is AFFIRMED.

### I.    BACKGROUND

On October 10, 2018, Plaintiff applied for disability insurance benefits alleging disability beginning July 6, 2012. (R. 69). Plaintiff was 39 years old on the alleged onset date and has at least a high school education. (R. 81). She alleged that she was suffering from the following disabilities: degenerative disc disease, depression, suicidal ideations, and asthma. (R. 365).

On August 7, 2012, Plaintiff started receiving treatment for chronic back pain. (R. 655). She underwent a carpal tunnel release surgery in 2012 and back surgery in 2013. (R.

618, 628). An MRI of Plaintiff's cervical spine on February 25, 2019, showed postoperative changes as well as multilevel degenerative disc disease. (R. 682-83). Dr. Kimberly Walker noted degenerative progression compared to 2012. (R. 684). In her function report, Plaintiff asserted that if she stands for over an hour, her back begins to hurt. (R. 389). She also noted that she has difficulty standing after sitting for ten minutes. (R. 393). Plaintiff's hobbies included sewing, painting, and building things. (R. 393).

On March 16, 2020, Dr. Walker conducted a physical assessment of Plaintiff. (R. 784). She opined that Plaintiff could only use her hands, fingers, and arms between 5 to 10% of the time during an 8-hour workday. (*Id.*). She also believed Plaintiff would require unscheduled breaks every hour during the workday. (*Id.*). Dr. Walker performed a mental capacity assessment and noted extreme limitations in Plaintiff's abilities to: (1) work at an appropriate and consistent pace or complete tasks in a timely manner; (2) sustain an ordinary routine and regular attendance at work; and (3) work a full day without needing more than the allotted number or length of rest periods during the day. (R. 779-780). She also opined Plaintiff had marked limitations in her ability to follow one- or two-step oral instructions to carry out a task. (R. 799).

Plaintiff's claims for disability insurance benefits were initially denied on April 3, 2019, and upon reconsideration on September 18, 2019. (R. 69). At the initial level, Dr. Reynaldo Gotanco, state agency medical consultant, opined Plaintiff could occasionally lift twenty pounds, stand or walk for six hours of an eight-hour day, and sit for six hours. (R. 140). Dr. Young-Ja Kim, another state agency medical consultant, also made the same findings at the reconsideration level. (R. 176). Dr. Jeanne Yakin, state agency

psychological consultant, opined Plaintiff had moderate limitations in understanding, remembering, or applying information, and concentrating, persisting or maintaining pace. (R. 137). She also found a mild limitation in interacting with others and adapting and managing oneself. (R. 137). This was also the opinion of the state agency psychological consultant at the reconsideration level, Dr. R Leon Jackson. (R. 172).

On July 14, 2020, the ALJ held a hearing wherein Plaintiff and a vocational expert (VE) testified. (*Id.*). At the hearing, Plaintiff's attorney relied on Dr. Walker's medical capacity assessment, specifically asserting that it was a helpful aid in determining limitations as a result of Plaintiff's chronic neck pain and degenerative disc disease. (R. 95).

The ALJ found Plaintiff had not engaged in substantial gainful activity since July 6, 2012. (R. 71). At step two, the ALJ determined Plaintiff had the following severe impairments: spine disorder, asthma, history of migraine headaches, depression, anxiety, and possible somatoform disorder. (R. 72). The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to standing and walking for four hours total in an eight-hour day. She can occasionally climb ramps and/or stairs, and she can never climb ladders, ropes or scaffolds. She is limited to occasional stooping, crawling, balancing, and kneeling. She must avoid concentrated exposure to cold, heat, fumes, odors, dusts, gases, and poor ventilation. She is limited to occasional overhead reaching with the right arm. She can engage in frequent, but not constant, handling and fingering with the right upper extremity. She must avoid concentrated exposure to loud noise (level 4+). She is limited to understanding, remembering, and carrying out simple,

routine, and repetitive tasks. She is limited to no fast-paced work, and production must be measured on a daily, not hourly, basis.

(R. 74). In coming to this determination, the ALJ considered Plaintiff's testimony regarding her limitations and found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the objective medical evidence. (R. 75). The ALJ underwent a detailed recounting of Plaintiff's medical evidence but noted she "has not provided articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c) and 416.920b(c)." (R. 80).

Additionally, the ALJ stated that she considered the opinion of Dr. Walker but found her opinion unpersuasive based on the following:

> the forms she completed on behalf of the claimant are not accompanied with citation to supporting objective evidence. Moreover, her treatment notes of encounters with the claimant document normal gait and station, normal muscle tone and strength, no neurological deficits, and normal lung functioning. Her treatment notes also do not indicate any limitations were given to the claimant, including a need to recline or lay down for one hour per day or to avoid lifting more than ten pounds. Notably, the claimant's specialists have also not articulated any functional limitations to the claimant. Dr. Walker's opinion appears to be based on the claimant's subjective complaints and not the objective medical evidence. Finally, the undersigned notes the claimant recently began working at Lowes with the belief that she could perform the requirements of the job. This indicates she believes she is capable of far more than Dr. Walker sets forth in her opinion.

(R. 80-81). Thus, the ALJ concluded that "Dr. Walker's opinion appears to be based on the claimant's subjective complaints and not the objective medical evidence." (*Id.*).

At stage five, the ALJ determined that Plaintiff was unable to perform any past relevant work. (R. 81). When considering Plaintiff's age, education, past work experience,

and RFC, the ALJ found a significant number of jobs in the national economy Plaintiff was able to perform under those limitations, specifically: (1) Sorter, with approximately 95,000 available jobs; (2) Cashier, with approximately 50,000 available jobs; and (3) Sales Attendant, with approximately 50,000 available jobs. (R. 83). Ultimately, the ALJ found Plaintiff was not disabled during the relevant time under the definition of the Social Security Act. (R. 83).

## II. DISCUSSION

### A. Legal Standard

To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled." *King v. Barnhart*, 66 F. App'x 65, 68-69 (7th Cir. 2003), *quoting Stein v. Sullivan*, 892 F.2d 43, 44 n.1 (7th Cir. 1989).

The court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t]

evidence' to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Where substantial evidence supports the ALJ's disability determination, the court must affirm the decision even if "reasonable minds could differ concerning whether [the claimant] is disabled." *L.D.R. v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019), *quoting Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court considers the ALJ's opinion as a whole and the Seventh Circuit has said it is a "needless formality to have the ALJ repeat substantially similar factual analyses" at different sequential steps. *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004). The task of a court is not to reweigh evidence or substitute its judgment for that of the ALJ. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). A reviewing court does not "resolve conflicts or decide questions of credibility." *L.D.R.*, 920 F.3d at 1152. The Court does not "nitpick" the ALJ's decision, but rather "focus[es] on whether the ALJ built a 'logical bridge from the evidence to his conclusion.'" *Wright v. Kijakazi*, 2021 WL 3832347, at *5 (7th Cir. 2021) (internal alterations omitted), *quoting Rice*, 384 F.3d at 369.

### B. Analysis

Plaintiff alleges that the ALJ did not apply the proper legal standards in coming to his decision because she failed to adequately evaluate the opinion of Dr. Walker. (Doc. 15 at 8). Additionally, Plaintiff argues the ALJ improperly rejected the state agency physician's opinion and instead "crafted an RFC somewhere between the opinions." (Doc. 15 at 14).

20 C.F.R. § 416.920c(a) provides that an ALJ "will not defer or give any specific evidentiary weight ... to any medical opinion(s) ... including those from [a claimant's]

medical sources." He "is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (refuting the claimant's argument that "the ALJ erred by failing to adopt her [RFC] as determined by any of her physicians"). However, he must "articulate how [he] considered the medical opinions ... in [a claimant's] claim" according to certain criteria. 20 C.F.R. § 416.920c(a).

Specifically, the ALJ was required to evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements. 20 C.F.R. § 404.1520c(c)(1)-(5)). An ALJ must explain how he considered the first two factors (supportability and consistency) and may, but is not required to, explain his consideration of the other factors after articulating how he considered medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2). Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the ALJ's opinion. 20 C.F.R. § 404.1520c(c)(1)). Consistency assesses how a medical opinion squares with other evidence, both medical and non-medical, in the record. 20 C.F.R. § 404.1520c(c)(2)).

The Seventh Circuit has also emphasized the "importance of reading the entirety of an ALJ's decision together" because "anything else would result in redundancies in the analysis." *Krug v. Saul*, 846 F. App'x 403, 407 (7th Cir. 2021), citing *Zellweger v. Saul*, 984 F.3d 1251, 1254-55 (7th Cir. 2021). An ALJ's discussion and analysis of medical

opinions can find support "elsewhere in his decision." *Deloney v. Saul*, 840 F. App'x 1, 5 (7th Cir. 2020).

For instance, in *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004), the court held that the ALJ adequately discussed the supportability and consistency of the opinion of plaintiff's medical provider. Specifically, the doctor wrote a letter to the plaintiff's attorney stating that Skarbek "can walk for only short distances, less than one-half block …. he also has difficulty with lifting, he can lift only 5–10 pounds and then develops severe pain." *Skarbek*, 390 F.3d at 502. In that case, the ALJ stated there were discrepancies between the recommended limitations and the objective medical evidence, so he did not give that physician's opinion controlling[1] weight. *Id.* at 504. On appeal, the Seventh Circuit determined that the inconsistencies undermined the weight of the physician's opinion and affirmed the ALJ's decision. *Id.* In coming to its decision, the court emphasized that "[a] treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record." *Id.* at 503.

Likewise, in *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016), the court held that "the ALJ properly discounted [a physician's] medical opinion that rests entirely on the

---

[1] The Court notes that in claims filed before March 27, 2017, treating physicians were entitled to controlling weight. 20 C.F.R. § 404.1520c; 20 C.F.R. § 404.1527(c)(2). However, for claims filed on or after March 27, 2017, such as this case, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c. Under the prior guidelines, when an ALJ did not give controlling weight to a treating physician, the ALJ was still required to assess the supportability and consistency of the medical opinion. 20 C.F.R. § 404.1527(c)(2). Therefore, the analysis within this case as it pertains to those factors remains relevant.

claimant's subjective complaints" rather than the objective medical evidence. In that case, the ALJ emphasized that the plaintiff's subjective complaints were "contradicted by the claimant's activities of daily living, his routine and conservative medical treatment since 2011, and many earlier reports of minimal or no pain." *Loveless*, 810 F.3d at 508. Thus, the ALJ properly discounted the physician's opinion due to a lack of supportability and consistency. *Id.* at 507.

In the instant case, the ALJ properly applied the required legal standards in her analysis of Plaintiff's claim as she directly addressed the supportability and consistency of the opinions of Dr. Walker. (R. 80-81). Dr. Walker provided a physical assessment of Plaintiff. (R. 784). She opined that Plaintiff could only use her hands, fingers, and arms between 5 to 10% of the time during an 8-hour workday. (*Id.*). She also believed that Plaintiff would require unscheduled breaks every hour during the workday. (*Id.*). Dr. Walker also noted several moderate to extreme limitations in Plaintiff's mental capacity assessment. (R. 779-80).

The ALJ began her analysis of the RFC with a detailed and accurate summary of the medical evidence in this case. (R. 75-80). Then, the ALJ rejected Dr. Walker's recommendations because they were not accompanied by supporting objective evidence. (R. 80-81). The ALJ specifically addresses the lack of consistency and support in Dr. Walker's own treatment notes by stating, "her treatment notes of encounters with the claimant document normal gait and station, normal muscle tone and strength, no neurological deficits, and normal lung functioning." (R. 81). Additionally, the ALJ noted that Dr. Walker's prior treatment notes did not indicate that any of those limitations were

previously given to Plaintiff by Dr. Walker. (*Id.*). The ALJ further contrasts Dr. Walker's limitations with the lack of limitations given by Plaintiff's other specialist medical providers. (*Id.*). Finally, the ALJ points out that Plaintiff's own daily habits—her recent employment at Lowe's—indicates that Plaintiff herself "believed she is capable of far more than Dr. Walker sets forth in her opinion." (*Id.*).

Just as in *Skarbek*, the Court finds it was proper for the ALJ to not give Dr. Walker's assessment weight when there were no medical findings to support the recommended limitations. *Skarbek*, 390 F.3d at 504. Additionally, just as in *Loveless*, the ALJ properly noted that the medical opinion was contradicted by Plaintiff's own daily habits. *Loveless*, 810 F.3d at 507-08. Because both the medical evidence and Plaintiff's daily habits undermine Dr. Walker's opinion, the ALJ properly concluded that it was not entitled to controlling weight.

As to the state agency physicians, the ALJ need not rely solely on medical opinions—she retains discretion to shape the RFC based on her review of the entire record. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (emphasizing an ALJ must "consider the entire record," in addition to the physician's testimony). In this case, the ALJ noted that both physicians:

> … determined the claimant was capable of performing light work with additional postural and environmental limitations. The undersigned finds these assessments generally persuasive, except they may have overstated the claimant's ability to stand and walk. After reviewing the evidence and considering the claimant's testimony, the undersigned believes greater limitations are appropriate.

(R. 80). As the ALJ retains discretion to assess an RFC in a more restrictive light than that of the state agency physicians, this does not constitute an error. In fact, the ALJ's decision

to assess an RFC more restrictively than found by the state agency physicians further highlights the ALJ's consideration of both the objective medical evidence and Plaintiff's testimony. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("This [RFC] finding was more limiting than that of any state agency doctor or psychologist, illustrating reasoned consideration given to the evidence [the plaintiff] presented."). Plaintiff's claim also fails because she "does not explain how a more restrictive RFC could have negatively affected [her] claim." *Palmer v. Saul*, 779 F. App'x 394, 398 (7th Cir. 2019) (rejecting plaintiff's argument that the ALJ's determination as to the RFC was improper because it differed from the state agency physicians' recommendations).

Therefore, the ALJ properly analyzed the factors of supportability and consistency before deciding not to give Dr. Walker's opinion persuasive weight. The ALJ sufficiently built a logical bridge between the evidence and the RFC to properly support her decision to impose a more restrictive RFC than the state agency physicians.

### III.   CONCLUSION

After review and consideration of Plaintiff's arguments, the Court concludes that the ALJ properly applied the law and supported her decision with substantial evidence. For these reasons, IT IS ORDERED that the decision denying benefits to Plaintiff Barbara Hazel Reid is AFFIRMED. The Clerk of the Court is directed to enter judgment in favor of the Defendant Commissioner and against Plaintiff Reid. This case is terminated.

ENTER: September 8, 2023

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE